J-S35015-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GABRIEL ESPINAL | : | |
| | : | |
| Appellant | : | No. 1736 MDA 2023 |

Appeal from the PCRA Order Entered November 8, 2023
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0001761-2008

BEFORE:  PANELLA, P.J.E., MURRAY, J., and KING, J.

MEMORANDUM BY PANELLA, P.J.E.:                **FILED DECEMBER 13, 2024**

Gabriel Espinal appeals *pro se* from the order entered in the Berks County Court of Common Pleas on November 8, 2023, dismissing his "Motion to Correct an Illegal Sentence" pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.[1] For the reasons discussed below, we find the PCRA court properly denied Espinal relief and affirm.

On February 26, 2009, following a two-day jury trial, Espinal was found guilty of criminal attempt to commit criminal homicide, two counts of aggravated assault, simple assault, firearms not to be carried without a

---

[1] As discussed in further detail below, while Espinal did not specifically title his *pro se* filing as a PCRA petition, the court correctly treated this post-conviction filing as a petition under the PCRA.

license, and possessing instruments of crime. On March 27, 2009, the trial court sentenced Espinal to an aggregate term of 22 to 44 years' incarceration.

In April 2009, Espinal filed a direct appeal, challenging the sufficiency of the evidence at trial. This Court *sua sponte* dismissed Espinal's appeal due to counsel's failure to file a brief. After a few attempts at post-conviction relief, Espinal's direct appeal rights were eventually reinstated *nunc pro tunc* in 2012. We affirmed the judgment of sentence on direct appeal. In January 2013, the Pennsylvania Supreme Court denied Espinal's petition for allowance of appeal. Since then, Powell has filed numerous petitions, including multiple unsuccessful PCRA petitions.

On September 22, 2023, Espinal filed the instant *pro se* "Motion to Correct Illegal Sentence." The PCRA court treated his petition as a PCRA petition subject to the PCRA's timeliness provisions. **See Commonwealth v. Johnson**, 803 A.2d 1291, 1293 (Pa. Super. 2002) ("[T]he PCRA provides the sole means for obtaining collateral review, and … any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition") (citation omitted); **see also Commonwealth v. West**, 938 A.2d 1034, 1043 (Pa. 2007) (stating the PCRA incorporates the remedy of *habeas corpus* if it offers the petitioner a remedy pursuant to that Act). On that basis, the PCRA court determined Espinal's petition was untimely, and he had not pled an exception to the time bar. After issuing notice of its intent to dismiss the

petition without a hearing pursuant to Pa.R.Crim.P. 907, the court denied the petition. This timely appeal followed.

Preliminarily, we note that Espinal does not challenge the treatment of his motion as a PCRA petition. Instead, he contends his claim involves a challenge to the legality of his sentence, and that the PCRA court had authority to consider his claim under its inherent jurisdiction to correct patent errors in sentences. We disagree.

> Whether a PCRA court has jurisdiction to correct allegedly illegal sentencing orders absent statutory jurisdiction under the PCRA is a question of law. Accordingly, our scope of review is plenary and our standard of review is *de novo.*
>
> The PCRA provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. When an action is cognizable under the PCRA, the PCRA is the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose[.]

***Commonwealth v. Jackson***, 30 A.3d 516, 518 (Pa. Super. 2011) (citations and internal quotation marks omitted).

In ***Commonwealth v. Holmes***, 933 A.2d 57 (Pa. 2007), the Pennsylvania Supreme Court created a narrow exception to 42 Pa.C.S.A. § 5505 ("a court upon notice to the parties may modify or rescind any order within 30 days after its entry ... if no appeal from such order has been taken or allowed"), and recognized a trial court's "inherent power to correct patent errors despite the absence of traditional jurisdiction." ***Id.*** at 65.

However, we have since clarified that while "**Holmes** [ ] recognized the limited authority of a trial court to correct patent errors in sentences absent statutory jurisdiction under section 5505; it did not establish an alternate remedy for collateral relief that sidesteps the jurisdictional requirements of the PCRA." **Jackson**, 30 A.3d at 521. Under the PCRA, "[w]hen the one-year filing deadline of section 9545 has expired, and no statutory exception has been pled or proven, a PCRA court cannot invoke inherent jurisdiction to correct orders, judgments and decrees, even if the error is patent and obvious." **Id**. at 524. Accordingly, although illegal sentencing issues cannot be waived, they must still be presented in a timely PCRA petition. **See Commonwealth v. Taylor**, 65 A.3d 462 (Pa. Super. 2013).

The timeliness of a post-conviction petition is jurisdictional. **See Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). Because the PCRA's time limitations implicate the court's jurisdiction and may not be altered or disregarded in order to address the merits of a petition, the court here was required to start by examining the timeliness of Espinal's petition. **See Commonwealth v. Davis**, 86 A.3d 883, 887 (Pa. Super. 2014).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA

petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

***Commonwealth v. Jones***, 54 A.3d 14, 16-17 (Pa. 2012) (citations and footnote omitted).

Espinal's judgment of sentence became final in 2013, ninety days after his petition for allowance of appeal was denied by the Pennsylvania Supreme Court, when time for filing a petition for writ of certiorari to the United States Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. The instant petition – filed more than a decade later – is patently untimely. Therefore, the PCRA court lacked jurisdiction to review Espinal's petition unless he was able to successfully plead and prove one of the statutory exceptions to the PCRA's time-bar. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

The PCRA provides three exceptions to its time bar:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "[E]xceptions to the time-bar must be pled in the petition, and may not be raised for the first time on appeal."

***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007) (citation omitted); ***see also*** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Further,

> although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

***Commonwealth v. Lyons***, 833 A.2d 245, 251–52 (Pa. Super. 2003) (citations omitted).

Even liberally construed, Espinal has failed to plead and prove that any of his claims constitute a valid exception to the PCRA time-bar. In fact, Espinal failed to make any attempt to plead an exception in his filing. **See** Motion to Correct Illegal Sentence, filed 9/22/23. Even on appeal, he makes no attempt to argue that a time-bar exception applies. Instead, Espinal only asserts the merits of his underlying claims.

As Espinal has failed to plead and prove an exception to the PCRA's timeliness requirement, the PCRA court did not err when it dismissed Espinal's PCRA petition without a hearing.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/13/2024